**Johnny B. GRIFFIN, Plaintiff–Appellant,**

v.

**Jerry BROWN, et al., Defendants–Appellees.**

No. 02–2701.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 16, 2003.*

Decided Dec. 17, 2003.

Johnny B. Griffin, pro se, Milwaukee, WI, for Plaintiff–Appellant.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Mel S. Johnson, Office of the United States Attorney, Milwaukee, WI, Charles D. Hoornstra, Office of the Attorney General, Madison, WI, Grant F. Langley, Milwaukee City Attorney's Office, Milwaukee, WI, for Defendant–Appellee.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Johnny Griffin claims that his March 1999 visit with a Department of Veterans Affairs administrator in Milwaukee sparked an ongoing conspiracy to invade his privacy and sully his reputation. In a pro se lawsuit filed in May 2001, Griffin alleges that after he informed the administrator about misconduct by VA employees who were processing his benefits application, two Milwaukee police officers came to his home and questioned him about threats he purportedly had made against VA employees. The officers allegedly directed Griffin to later meet with an assistant district attorney, and when Griffin did the prosecutor supposedly tried to get him to confess to a 1986 robbery charge for which Griffin had been acquitted in 1988. Following that interview, Griffin says that the defendants–the VA administrator, a VA police officer and dentist, the two Milwaukee police officers, and the assistant district attorney–convinced the telephone company to tap Griffin's line; paid relatives, acquaintances, and neighborhood drug dealers to watch and report his activities; monitored his bank account; and installed a tracking device in his car. In June 2002 the district court, after granting Griffin leave to proceed in forma pauperis, dismissed his complaint as frivolous under

28 U.S.C. § 1915(e)(2)(B)(i) and added that it failed to state a claim under Fed. R.Civ.P. 12(b)(6).

Griffin's appellate brief repeats some of his factual allegations but offers no insight into why he believes the district court erred in dismissing his complaint. Although we liberally construe filings by pro se litigants, we must still be able to ascertain the arguments a litigant raises. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Griffin presents us with no cognizable arguments, and accordingly we must dismiss his appeal. *See* Fed. R.App. P. 28(a)(9); *Anderson*, 241 F.3d at 545.

DISMISSED.